```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

KOSTMAYER CONSTRUCTION, LLC AND
ELECTRICAL AND INSTRUMENTATION
UNLIMITED, INC.                                CIVIL ACTION

V.                                             NO. 16-2549

CALIFORNIA FIRST NATIONAL BANK                 SECTION "F"
```

ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the defendant California First National Bank (CalFirst), or, in the alternative, a motion to dismiss for *forum non conveniens*. For the reasons that follow, defendant's motion to dismiss is GRANTED.[1]

**Background**

This is a breach of contract case arising out of a contract to which defendant was a party, and plaintiffs allege they were the third-party beneficiaries to the agreement. Plaintiff Kostmayer Construction, LLC is a marine contractor and plaintiff Electrical & Instrumentation Unlimited, Inc. (EIU) is a provider of technical and contracting services.

On or about July 7, 2014 defendant CalFirst entered into a contract with Noranda Alumina, LLC for funding of Noranda's capital improvement project at its facility in Gramercy, Louisiana.[2] Under

---

[1] The Court need not reach the *forum non conveniens* issue.
[2] The factual summary is taken from the complaint.

1

the agreement, CalFirst was to advance Noranda funding for construction costs and equipment acquisitions for the project, and in turn would acquire a capital lease at the scheduled conclusion of the project on September 30, 2015.

Some time thereafter, Noranda also entered into separate written contracts with each plaintiff to provide work relating to the project. In addition to performing work on the project on a time and materials basis, Kostmayer received a Purchase Order signed by Noranda's purchasing agent for $1,667,000, on or about April 14, 2015. On June 23, 2015, Kostmayer and Noranda reached an agreement for additional work/change order for Kostmayer to provide labor, supervision, equipment, materials and necessary supplies for part of the capital improvement project, totaling $717,000. A third agreement was reached between Noranda and Kostmayer on August 11, 2015 for additional labor, equipment and materials for the project from Kostmayer in exchange for $10,000.

Kostmayer alleges that it was informed that payment of its invoices would come from CalFirst, since CalFirst was funding the project. Allegedly, the August 11, 2015 agreement stated Kostmayer's invoices were sold to CalFirst. Email communications between Noranda's purchasing agent and Kostmayer on August 4, 2015 and September 10, 2015 reaffirmed that all invoices for the capital improvement project had been "sold to" CalFirst.

Noranda and plaintiff EIU contracted for EIU to provide labor, supervision, equipment, materials and necessary supplies for electrical and instrumentation work associated with the project on September 29, 2015 in exchange for $550,680. The agreement also stated that EIU's invoices were "sold to" CalFirst. Additionally, EIU performed other work on the project on a time and materials basis.

On September 29, 2015 Kostmayer received its first payment of $333,400 from CalFirst for the work on the project. This check was referenced as an "expense check." On November 12, 2015, Kostmayer received two wire transfers from CalFirst in the amounts of $666,800 and $805,559.68 as payment for invoices for furnished supplies and work performed on the project. EIU submitted pay applications to CalFirst as instructed but has not received payment on any of its invoices at this time.

Kostmayer received an email from Noranda's purchasing agent on or about December 3, 2015 requesting a copy of all outstanding invoices that had been submitted to CalFirst. The email also instructed Kostmayer to send all future invoices directly to Noranda and not CalFirst.

In February, 2016 Noranda filed for bankruptcy. According to plaintiffs, pleadings in Noranda's bankruptcy proceeding indicate the contract between Noranda and CalFirst had been amended, on or about September 30, 2015, to substantially reduce the amount of

3

funding CalFirst was to provide for the project. Additionally, defendant asks the Court take judicial notice that plaintiffs have filed claims in Noranda's bankruptcy proceeding for the amounts claimed in this case.

Plaintiffs filed this lawsuit on March 29, 2016, alleging that defendant is liable to them for breach of the contract between defendant and Noranda. As allegedly third-party beneficiaries to the contract, plaintiffs contend CalFirst is liable to them since neither plaintiff consented to an amendment or dissolution of the contract. Kostmayer claims it is owed $1,225,575.29 for its outstanding invoices plus judicial interest and costs. EIU claims it is owed $701,851.10 for its outstanding invoices plus judicial interest and costs.

Defendant seeks dismissal pursuant to FED.R.CIV.P. 12(b)(6) for failure to state a claim, or, alternatively, dismissed for *forum non conveniens* based on a forum selection clause in the alleged third-party beneficiary contract.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser

Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and thus not entitled to the assumption of truth. Iqbal, 556 U.S. at 678-79. A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679. Plaintiffs face a heavy burden. " . . .

5

[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly,

550 U.S. at 557).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" thus "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings."  That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).  Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment.  See United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

## II.

Defendant CalFirst has submitted a 2014 agreement between defendant and Noranda, including several addendums which had allegedly been incorporated into the agreement. Although plaintiffs argue that they do not have enough information to confirm that the agreement relied on by defendant is in fact the same agreement that they have based their claims on, the agreement is clearly between defendant and Noranda and contemplates funding

7

of the new ship unloading system project at Noranda's facility. Thus, the Court will consider this document as part of the pleadings, without converting the motion to one for summary judgment; plaintiffs refer to the agreement in their complaint and the agreement is central to their claim, as third-party beneficiaries, for breach of contract. Plaintiffs are not helped by Louisiana law or by California law.

A.

Louisiana Civil Code article 1978 provides that "a contracting party may stipulate a benefit for a third person called a third-party beneficiary." Often referred to as a *stipulation pour autrui*, this contractual stipulation creates a third-party beneficiary's cause of action against the promisor for specific performance. See Stall v. State Farm Fire and Cas. Co., 995 So.2d 670 (La.App. 4 Cir. 2008). However, there is no codal instruction on determining whether such a stipulation was intended. Rather, the courts must analyze each contract "on its own terms and conditions in order to determine if the contract stipulated a benefit for a third person." Joseph v. Hosp. Serv. Dist. No. 2, 939 So. 2d 1206, 1212 (La. 2006). Third-party beneficiaries are "never presumed, but rather, the intent of contracting parties to stipulate a benefit in favor of a third-party must be manifestly clear." Paul v. Louisiana State Employees' Group Ben. Program, 762 So. 2d 136, 140 (La.App. 1 Cir. 2000) (citing Homer Nat'l Bank v.

8

Tri-District Dev. Corp., 534 So. 2d 154, 156 (La.App. 3 Cir. 1988)).

The Louisiana Supreme Court has announced three criteria for determining whether contracting parties have provided a benefit for a third party:

> (1) The stipulation for a third party is manifestly clear;
> (2) There is certainty as to the benefit provided the third party; and
> (3) The benefit is not a mere incident of the contract between the promisor and the promise."

Joseph, 939 So. 2d at 1212.

The Louisiana Supreme Court has used the contractual relationships between property owner and contractor, and contractor and sub-contractors to illustrate that even though the property owner might have an interest in the contract between contractor and sub-contractor, the property owner does not have a right of action arising from the sub-contract agreement. Allen & Currey Mfg. Co. v. Shreveport Waterworks Co., 37 So. 980, 983 (La. 1905).

Under California law, which the contract between Noranda and defendant stipulates controls the agreement, a contract may stipulate a benefit for a third party as well. "The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract." Prouty v. Gores Tech. Group, 18 Cal.

Rptr. 3d 178, 184 (Cal. Ct. App. 3 Dist. 2004). "The party claiming to be a third-party beneficiary must show the contract was made expressly for his or her benefit." Sofias v. Bank of Am., 218 Cal. Rptr. 388, 390 (Cal. Ct. App. 4 Dist. 1985). "Expressly means in an express manner; in direct or unmistakable terms; explicitly; definitely; directly." Id. Additionally, "a third-party beneficiary of an agreement is bound by the terms of the agreement, including a valid forum selection clause." TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc., 915 F.2d 1351, 1354 (9th Cir. 1990).

### III.

CalFirst seeks to have plaintiffs' claims dismissed pursuant to FED.R.CIV.P. 12(b)(6) for failure to state a claim for which relief can be granted. (Only in the alternative, does defendant seek dismissal on the grounds of *forum non conveniens* based on a forum selection clause in the contract at issue). Plaintiffs argue that it is premature to dismiss their complaint because they are unsure if the document submitted with defendant's motion is the same contract they claim gives rise to their cause of action. Plaintiffs seek time to complete discovery regarding this contract and time to amend their complaint with additional claims.

Plaintiffs' complaint states a single breach of contract claim for each plaintiff against defendant, each of which is premised on plaintiffs' allegations that they are third-party

10

beneficiaries to a contract between Noranda and defendant. While plaintiffs had directly contracted with Noranda for a construction project, there is no contractual relationship between plaintiffs and defendant. Instead, according to the contract, defendant and Noranda simply had entered into a lease agreement whereby defendant:

> agrees to lease to [Noranda] the hardware, software, equipment and all related capitalized costs (capitalized costs are those cost necessary to put the hardware, software and equipment into full productive use by [Noranda]), or other costs or expenditures made by [defendant](collectively, the "Property").

The leased property narrowly consisted of "a new ship unloading system with total installation and indirect costs not to exceed 50% of the total property costs." Defendant remained the owner of the property until all rental payments, interest, taxes and other charges were paid by Noranda along with a final payment of one dollar, at which point title would transfer to Noranda. Nowhere in the document does it stipulate that the agreement was intended to benefit a third party. However, plaintiffs claim that this agreement was entered into to provide Noranda with the funding needed to pay contractors who supplied materials and labor for the construction project, including the plaintiffs and therefore, they are third-party beneficiaries of it.

   Whether the agreement between Noranda and CalFirst is examined under Louisiana law or California law, there is no express

11

stipulation that there was an intended benefit for any third parties, particularly plaintiffs. The lease agreement provided Noranda the advantage of financing for an improvement project for its facility, while defendant received the advantage of ownership over the improvements in order to secure repayment from Noranda. Any advantage plaintiffs derived from the lease agreement between defendant and Noranda was at best, if at all, incidental to the agreement, and not the consideration for the contract. The factual allegations in plaintiffs' complaint are conclusory and fall short of demonstrating facial plausibility. Plaintiffs have not pleaded factual content that would allow the Court to draw the inference that defendant is liable to plaintiffs under a third-party beneficiary theory.

    Accordingly, IT IS ORDERED that the defendant's motion to dismiss is GRANTED. The plaintiffs' claims against CalFirst are hereby dismissed with prejudice.

New Orleans, Louisiana, October 5, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE